```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

_____
                                           )
ASHBY HENDERSON, Individually and          )
on Behalf of All Others Similarly          )
Situated,                                  )
                                           )
                    Plaintiff,             )
                                           )         Civil Action
v.                                         )         No. 15-10599-PBS
                                           )
THE BANK OF NEW YORK MELLON                )
CORPORATION, et al.,                       )
                                           )
                    Defendants.            )
_____)

**ORDER**

September 30, 2016

Saris, C.J.

After a review of the supplemental briefings and after hearing, the Court orders the following:

1. The objections of Howard Law Firm, Minami Tamaki, and Bailey & Glasser to the magistrate judge's order on the firms' termination (Docket No. 146) are **DENIED**. See Fed. R. Civ. P. 72(a). Accordingly, the magistrate judge's Order on Ex Parte Motion to Withdraw as Counsel (Docket Nos. 137, 163) is **AFFIRMED**. McTigue Law remains the sole personal attorney for Plaintiff Henderson.

2. Plaintiff Henderson's Motion for Consolidation of Related Motions, Appointment of Lead Plaintiff, and Appointment of Interim Lead Class Counsel (Docket No. 170) is **DENIED** as to the request to appoint interim lead class counsel. Because mediation on a class settlement is scheduled, I give my reasons briefly. Based on the record, I find that Mr. McTigue is unable to work constructively as a co-lead counsel on a legal team with his previous co-counsel from the three law firms, Howard Law Firm, Minami Tamaki, and Bailey & Glasser. Combined, these three firms, which were discharged by the plaintiff, have extensive class action experience and expertise litigating breach of fiduciary duty claims on behalf of trust beneficiaries. They also have the resources to litigate this case.

Based on the affidavits of his co-counsel[1] and the statements at the hearings before the magistrate and me, I find that Mr. McTigue's treatment of co-counsel in this litigation is deeply disturbing.

First, Mr. McTigue told Ms. Henderson that his co-counsel wanted a "cashless settlement," causing her to believe that co-counsel would agree to a speedy settlement just to make money. Mr. McTigue told the magistrate judge that he had emails to prove that assertion, but he produced none. Mr. McTigue

---

[1]   I rely on the affidavits of Aron K. Liang, John Roddy and Derek G. Howard.

apparently "sensed" that co-counsel would advocate for a cashless settlement based on some preliminary emails. However, the accusation that co-counsel was pushing a "cashless settlement" was unfounded.

Second, Ms. Henderson expressed concern that the other counsel did not communicate with her, and she felt that they were not representing her. Mr. McTigue failed to inform her that the reason he was the only one communicating with her was that he was the sole designated contact person for the team. Although Mr. McTigue disputes this assertion by co-counsel, he has not disputed the affidavit that he rebuffed efforts by co-counsel to contact Ms. Henderson to prepare her for deposition.

Third, Mr. McTigue showed up at a deposition unannounced and demanded to question the witness for three hours without having provided any feedback on the circulated deposition outline or assisting in the preparation for the deposition.

Fourth, he attempted to cancel the date of a court-ordered mediation without the consent of his co-counsel.

Fifth, he unilaterally terminated co-counsel without warning and without attempting to work out any disagreements. By that point, the relationship among co-counsel had soured so much that all three of the other law firms sent Mr. McTigue a letter on March 30, 2016, asking him to collaborate better. The letter also stated that Mr. McTigue's treatment of defense counsel had

caused defense counsel to tell co-counsel that they preferred not to deal with Mr. McTigue because of his "fractious" manner.

Sixth, Mr. McTigue developed a new theory of breach of fiduciary duty based on alleged excessive fees, which he admits he did not share with co-counsel. Yet he has criticized co-counsel for not seeking settlement amounts that reflect this new, undisclosed theory.

Several factors favor the appointment of McTigue Law. Mr. McTigue has experience in this kind of trustee litigation; he has an attorney-client relationship with the proposed class representative who trusts him; and he has recently recruited experienced co-counsel, Berman DeValerio. Mr. McTigue points the finger at co-counsel for not being prepared or aggressive enough in their approach to settlement. Whatever the merits of this argument, given his contumacious, uncivil conduct in this litigation, I find that he would not be an effective lead or co-lead class counsel. See Fed. R. Civ. P. 23(g)(1)(B) (the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class"). Accordingly, I decline to appoint Mr. McTigue as Interim Lead or Co-Lead Class Counsel.

The Court does not rule on Henderson's motion to consolidate with the related action in Hershenson v. BNY Mellon, N.A., No. 16-cv-11480-PBS (D. Mass. filed July 15, 2016).

3. The Court **DENIES** the motion of Bailey & Glasser and the Howard Law Firm to be appointed as interim co-lead counsel (Docket No. 174) on the ground that Ashby Henderson has not consented to serve as a class representative unless Mr. McTigue, her lawyer, is appointed to serve at least as a co-lead counsel. This ruling is without prejudice to a request to serve as interim lead counsel in the related action in Hershenson.

4. The Court understands that mediation has been scheduled for mid-October. Given the current procedural posture of the case where no current attorney is designated as interim class counsel, no attorney may represent the putative class in settlement discussions. Within two weeks all parties shall submit a status report on a path forward. A status conference is scheduled for October 13, 2016, at 10:00 AM. Class representative Henderson shall appear in person. Until then, the case is stayed.

A status conference for the related action, Hershenson v. BNY Mellon, N.A., No. 16-cv-11480-PBS (D. Mass. filed July 15, 2016), is also scheduled for October 13, 2016, at 10:00 AM. Notice to follow.

/s/ PATTI B. SARIS          .
Patti B. Saris
Chief, U.S.D.J.