UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
ASHBY HENDERSON and THOMAS         )
HERSHENSON, Individually and on    )
Behalf of All Others Similarly     )
Situated,                          )
                                   )
                    Plaintiffs,    )    Civil Action
                                   )    No. 15-10599-PBS
v.                                 )
                                   )
THE BANK OF NEW YORK MELLON,       )
NATIONAL ASSOCIATION,              )
                                   )
                    Defendants.    )
_____)

**MEMORANDUM AND ORDER**

September 25, 2017

Saris, C.J.

This proposed class action claims that defendant Bank of New York Mellon, National Association ("BNY Mellon"), the trustee for thousands of trusts, breached its fiduciary duties to its trust beneficiaries in two ways: by imprudently investing trust assets in poorly performing proprietary and affiliated investment vehicles and by charging unauthorized fees for the preparation of tax returns.

The plaintiffs move for class certification. Docket No. 285. As part of its opposition, BNY Mellon moves to strike putative class representative Ashby Henderson on the basis of inadequacy. Docket No. 319. BNY Mellon also filed its motion for

1

summary judgment ahead of schedule, Docket No. 315, and sought to defer decision on class certification until after adjudication of its motion to strike and its motion for summary judgment, Docket No. 322.

The Court **DENIES** BNY Mellon's motion to strike putative class representative Ashby Henderson (Docket No. 319). Because the other class certification issues are intertwined with the merits of the case and the summary judgment briefing is not yet complete, the Court **DEFERS** decision on the plaintiffs' motion for class certification (Docket No. 285). Once the Court reviews the full summary judgment briefing, the Court will determine the proper order of decision between class certification and summary judgment.

## DISCUSSION

### I. Background

Ashby Henderson is a beneficiary of a trust administered by BNY Mellon. She is a purported class representative for both sets of claims in this suit: that BNY Mellon imprudently invested trust assets in poorly performing proprietary and affiliated investment vehicles and that BNY Mellon charged its trusts unauthorized fees for the preparation of tax returns. The other named plaintiff, Thomas Hershenson, is only a purported class representative for the claim of unlawful tax preparation fees.

## II. Procedural Posture

BNY Mellon seeks to strike class allegations related to Henderson under Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D) on the basis that Henderson would not be an adequate class representative. Docket No. 319. Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking class allegations under Rule 12(f) is disfavored. Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 58–60 (1st Cir. 2013)(vacating the Court order striking the class allegations on the pleadings). Rule 23(d)(1)(D) allows a court to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D).

BNY Mellon's motion is not based solely on the pleadings. Rather, BNY Mellon's motion is based on evidence outside of the four corners of the pleadings, including the deposition testimony of Henderson and the unusual history of this case. As such, a motion to strike class allegations is an ill-fitting procedural vehicle for BNY Mellon's argument. As the plaintiffs' motion for class certification had already been filed, the better course would have been for BNY Mellon to include its arguments in its opposition to the plaintiffs' motion for class certification.

While the Court could deny the motion as procedurally deficient, the Court will treat it as a partial opposition to the motion for class certification. The burden of showing compliance with the Rule 23 requirements remains on the party seeking certification, namely the plaintiffs. See In re Nexium Antitrust Litig., 777 F.3d 9, 18 (1st Cir. 2015).

### III. Adequacy Analysis

BNY Mellon's instant motion challenges only the adequacy prong of Rule 23, under which a class action may proceed only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The First Circuit has stated that there are two elements to the adequacy requirement: "first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985).

BNY Mellon argues that Henderson does not meet the adequacy requirement for two reasons. First, BNY Mellon argues that Henderson does not have a sufficient understanding of the case to protect the interests of the class. Docket No. 320 at 14. Second, BNY Mellon argues that rather than meaningfully participating in her case, Henderson has abdicated control of

4

the case to Brian McTigue, a lawyer that BNY Mellon argues is unfit to represent the interests of the class. Id. at 18. Finally, BNY Mellon argues that Henderson's reliance on McTigue creates a conflict with the class because the Court already refused to appoint McTigue as class counsel. Id. None of the arguments succeed.

Courts in this district have held that "[w]ith respect to [the class representative's] knowledge of the case, all that is required of her is a general knowledge of the contours of the litigation and personal participation in discovery events." Otte ex rel. Estate of Reynolds v. Life Ins. Co. of N. Am., 275 F.R.D. 50, 57 (D. Mass. 2011). In actions such as this one involving complex financial matters, a named plaintiff is not required to have expert knowledge of the details of the case and properly places a great deal of reliance on counsel. See In re Relafen Antitrust Litig., 231 F.R.D. 52, 69 (D. Mass. 2005). A class representative's reliance on the advice of counsel does not necessarily disqualify the class representative; on the contrary, "[f]ar from showing [the class representative's] ignorance of the litigation or [her] inability to serve as class representative, it demonstrates [her] ability to appreciate the limits of [her] knowledge and rely on those with the relevant expertise." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 62 (2d Cir. 2000).

To be sure, the adequacy requirement might not be satisfied "where the class representatives ha[ve] so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." In re Flag Telecom Holdings, Ltd. Sec. Litig., 574 F.3d 29, 42 (2d Cir. 2009) (alteration in original) (quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1077–78 (2d Cir. 1995)).

The Court finds that Henderson has demonstrated sufficient knowledge of her claims to serve as class representative. At her deposition, Henderson was able to explain the essential nature of her claims, at least to the extent that is reasonable to expect from a layperson class representative in a complex financial case. See Docket No. 330-1 at 15–18. Henderson's level of understanding of her claims was greater than that of putative class representatives that courts found to be inadequate in some of the cases cited by BNY Mellon. See In re Sepracor Inc., 233 F.R.D. 52, 55 (D. Mass. 2005) (denying certification where putative class representative was unable to name the defendant, name the drug at issue in the case, identify the condition the drug was intended to treat, or recall when he bought stock in the drug manufacturer); Kulig v. Midland Funding, LLC, No. 13-CV-4715 PKC, 2014 WL 6769741, at *3 (S.D.N.Y. Nov. 20, 2014) (denying certification where putative class representative was

unable to identify the defendants' business or explain what a class action is or that she was the putative class representative). Henderson did not display a disqualifying lack of knowledge or interest in the case by displaying some uncertainty about whether her "trust level fee" claim remained in the latest amended complaint, Docket No. 334 at 46–47, or by responding to certain deposition questions on some of the details of her claims by deferring to her counsel, Docket No. 334 at 12–13, 18–19.

At the hearing, BNY Mellon argued that Henderson was inadequate because she failed to attend or call in to the parties' mediation. There is evidence in the record that the mediator permitted Henderson to participate by phone. Docket No. 330-1 at 5. Plaintiffs' counsel represented to the Court that Henderson was available by phone and conferred with counsel telephonically multiple times during the course of the mediation. See Docket No. 330 at 4. As the mediator granted permission for Henderson to not attend the mediation, it cannot be said that Henderson has "so little . . . involvement" in the case as to render her inadequate. See In re Flag Telecom, 574 F.3d at 42.

The Court also finds that Henderson has not ceded control of the litigation to lawyer Brian McTigue. Her continued contact with McTigue does not give rise to a conflict with the class.

7

Last summer, the Court was made aware of discord among the plaintiffs' counsel that resulted in McTigue firing the other plaintiffs' counsel. Henderson represented to the Court that she was only willing to serve as named class representative if McTigue was appointed as interim co-lead or sole lead class counsel. Docket No. 171 at 11. On September 30, 2016, the Court denied McTigue's motion to be appointed interim lead class counsel upon finding that his conduct during the litigation was "deeply disturbing," "contumacious," and "uncivil." Docket No. 192 at 2, 4. Subsequently, plaintiffs' counsel came to an agreement in which Bailey & Glasser LLP and the Howard Law Firm would serve as interim co-lead counsel and McTigue's firm would serve on an Executive Committee under the direction of the co-lead counsel. Docket No. 202. At an October 13, 2016 status conference, the Court engaged in a colloquy with Henderson regarding this arrangement. See Docket No. 207. Henderson stated that while she wanted McTigue to be involved, she did not demand that McTigue serve as lead counsel and she was willing to work with the other plaintiffs' lawyers. Id. at 6. The Court confirmed that Henderson understood that even if McTigue served as her contact person, the whole team of plaintiffs' lawyers was representing the putative class. Id. at 7.

BNY Mellon claims that notwithstanding this formal arrangement, Henderson continues to rely solely on McTigue while

ignoring the other plaintiffs' counsel. Docket No. 320 at 21. But BNY Mellon's claim is not borne out by the evidence. BNY Mellon relies heavily on Henderson's deposition testimony about the events of last summer, but there is no evidence that Henderson's unwillingness to work with the other plaintiffs' counsel persists into the present. On the contrary, Henderson testified at the deposition that "[t]he judge's concern [about McTigue] concerned me" and that "[i]t weighed very heavily on me that my judge -- the judge in front of us was so concerned that we talked in greater length about working together." Docket No. 334 at 52. While Henderson maintains her preference that McTigue remain her main point of contact, Docket No. 334 at 55–56, that arrangement is unproblematic so long as Henderson understands that she is being represented by the whole team of interim class counsel -- a matter that the Court addressed in its October 13, 2016 colloquy. Moreover, Henderson's deposition testimony was that she did work with the other plaintiffs' counsel in preparation for her deposition. Docket No. 330-1 at 11–14. Even when the evidence is viewed with the additional degree of skepticism warranted by the history of this case, BNY Mellon puts forth little to counter the evidence that Henderson has been working with the whole team of interim class counsel under the arrangement they agreed to in October 2016.

In sum, the Court finds that Henderson has adequate knowledge of the case to serve as class representative, that she has not ceded control of the case to unfit class counsel, and that her interests do not conflict with the interests of the class.

**ORDER**

The Court **DENIES** BNY Mellon's motion to strike putative class representative Ashby Henderson (Docket No. 319). The Court **DEFERS** ruling on the plaintiffs' motion for class certification (Docket No. 285) until the Court has the opportunity to review full briefing on summary judgment.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge