UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ASHBY HENDERSON** and **THOMAS HERSHENSON**, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>**BANK OF NEW YORK MELLON, NATIONAL ASSOCIATION**<br><br>Defendants. | Case No. 1:15-cv-10599-PBS |

**MCTIGUE LAW LLP MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEY FEES AND PAYMENT OF LITIGATION EXPENSES**

**TABLE OF CONTENTS**

Preliminary Statement ................................................................................................................ 1
ARGUMENT ............................................................................................................................. 3
    I. STANDARDS GOVERNING ATTORNEY FEE AWARDS AND EXPENSE
    REIMBURSEMENT SUPPORT THE AWARD AND EXPENSE REIMBURSEMENT
    REQUESTED ..................................................................................................................... 3
Conclusion ................................................................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**

*Harden Mfg. v. Pfizer, Inc (In re Neurontin Mktg. & Sales Practices Litig.),*
 58 F. Supp. 3d 167 ............................................................................................................... 5

*In re Lupron Mktg. & Sales Practices Litig.,* No. MDL 1430, 01-CV-10861-RGS, 2005 U.S.
 Dist. LEXIS 17456, 2005 WL 2006833 (D. Mass. Aug. 17, 2005) ........................................... 5

*Richtenburg v. Wells Fargo*, California Superior Court, 05-444516 (San Francisco) ................... 6

*Stoody Broser v. Bank of America*, N.D. Calif, 08CV2705 (JSW) ........................................... 6, 7

**Other Authorities**

Brian T. Fitzpatrick, An Empirical Study of Class Action Settlements and Their Fee Awards,
 J. Empirical Legal Stud. (2010) ............................................................................................... 7

Eisenberg & Miller, Attorney Fees in Class Action Settlements: An Empirical Study, 1 J.
 Empirical Leg. St. 27-78 (2004) ............................................................................................... 7

**Rules**

Fed. R. Civ. P. 23(h) ..................................................................................................... 1, 3

McTigue Law LLP ("McTigue Law" or the "Firm"), attorneys for Class Representative Ashby Henderson and class member Seamus Henderson, respectfully submit this memorandum of law in support of its motion, pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure, for an for an award of attorneys' fees in the amount of twenty percent (20%) of any total award of fees, up to the 33% of the $10 million settlement amount approved by the Court, if any, in the above action ("Litigation"), plus any accrued interest, and payment of litigation expenses in the amount of $56,961.28, but in no case with other expenses awarded to Co-counsel, more than $390,000, in connection with the proposed settlement of the Litigation, pursuant to the October 20, 2016 agreement with Co-counsel.

**Preliminary Statement**

McTigue Law moves for this award of an award of attorneys' fees and expenses pursuant to its October 20, 2016 co-counsel agreement. *See* Declaration of J. Brian McTigue In Support of Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (McTigue Decl,), Exhibit C, Co-Counsel Agreement ("Agreement"). Signatories to the Agreement are Brian McTigue representing McTigue Law, John Roddy of Bailey & Glasser LLP ("Bailey & Glasser") and Derek Howard of the Derek G. Howard Law Firm, Inc ("Howard Firm") (collectively "Co-Counsel").

Briefly, the Litigation commenced on February 27, 2015 when Ashby Henderson filed this class action, alleging that Bank of New York Mellon, N.A. ("BNY Mellon"), acting in its capacity as trustee, breached its fiduciary duties to her and a putative class of trust beneficiaries.[1] Ms. Henderson's First Amended Class Action Complaint (ECF No. 96, March 3, 2016) added a

---

[1] Specifically, Ms. Henderson claimed that BNY Mellon placed the assets of the private trusts it administers into underperforming proprietary investment vehicles, which it owns and from which it derived substantial profits, and that it failed to individually evaluate trust investments.

separate claim that BNY Mellon breached its fiduciary duty by charging trusts more for tax preparation than it paid PricewaterhouseCoopers, allegedly applying a substantial and undisclosed markup. The Second Amended Class Action Complaint (ECF No. 232, November 28, 2016) added a plaintiff, Thomas Hershenson.

The first agreement among co-counsel in the Litigation, dated January 27, 2015, was signed by McTigue Law, Bailey & Glasser, and Minami Tamaki, LLP. McTigue Decl., Ex.B.

Several years of vigorous motion practice and extensive discovery followed. During that period, the three firms signed the October 20, 2016 Agreement which changed the Co-counsel relationship terms after strategic differences between McTigue Law and Co-counsel emerged. The Agreement, meant to resolve the differences, established, *inter alia,* that "McTigue Law LLP shall nevertheless be apportioned 20% of the lodestar work, awarded 20% of the fees, and pay 20% of the Common Expenses … in this litigation, all on an ongoing basis, as measured from the beginning of the litigation." The Agreement was approved by Plaintiffs Ms., Henderson, her son Plaintiff Seamus Henderson, and Plaintiff Hershenson, who are signatories.

An initial settlement agreement was reached in the Litigation, which the Plaintiff Henderson and the Court rejected. In 2019 a second settlement agreement of the Litigation was reached (ECF No. 578-1, filed May 14, 2019) ("Settlement Agreement"), which the Court preliminarily approved on June 3, 2019. (ECF No. 583.) Pursuant to the Settlement Agreement, the maximum amount that plaintiffs' counsel can seek for attorney fees is up to one-third of $10 million, or $3.33 million, and $390,000 in expense reimbursement. Settlement Agreement, ¶ 5.01. *See als*o Plaintiffs' Memorandum in Support of Unopposed Motion for Preliminary Approval Of Class Settlement, (ECF No.579), p. 13 ("Class Counsel intends to apply for an award of attorneys' fees up to one-third of the $10 million Cash Settlement Fund, or $3,333,333. *Id*. Class Counsel will also seek reimbursement for litigation expenses of approximately $390,000.) A final approval

hearing on the settlement and on motions for attorney fees and expenses is set for September 6, 2019 at 2:00 p.m.

## ARGUMENT

### I. STANDARDS GOVERNING ATTORNEY FEE AWARDS AND EXPENSE REIMBURSEMENT SUPPORT THE AWARD AND EXPENSE REIMBURSEMENT REQUESTED

This Court, having certified the Settlement Class in the Preliminary Approval Order (ECF No.583), has discretion to award "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).

Here, the division of fees among Co-Counsel is authorized by the parties' agreement—the Agreement signed by McTigue Law, Bailey & Glasser, and the Howard Law Firm, Inc. dated October 20, 2016, which states:

> Lodestar: McTigue Law LLP (and any counsel McTigue Law LLP associates) will be apportioned 20% of the lodestar work, awarded 20% of the fees, and pay 20% of the expenses in this litigation, all on an ongoing basis, as measured from the beginning of the litigation. Co-Lead Counsel shall be responsible for assigning and supervising work among all counsel. In the event that McTigue Law LLP, for whatever reason, is not appointed to the Plaintiff's Executive Committee, this Agreement shall remain in effect and McTigue Law LLP shall nevertheless be apportioned 20% of the lodestar work, awarded 20% of the fees, and pay 20% of the Common Expenses (as defined below) in this litigation, all on an ongoing basis, as measured from the beginning of the litigation.

Agreement, p. 2.[2] The "Co-Lead Counsel" are the law firms of Bailey & Glasser, and the Howard Law Firm. *Id.*, at 1.

The 20 percent award requested in the Motion, which pursuant to the Settlement Agreement cannot exceed $666,6666, is not only contractually required, but rewards McTigue

---

[2] The Agreement is also signed by Plaintiffs Ashby Henderson, her son Seamus Henderson, and plaintiff Thomas J. Hershenson.

Law for the significant and material work performed on behalf of and for the benefit of the Class, including the following services:

- Initiating the case which began on February 27, 2015, when Ms. Henderson who was seeking counsel, called the Firm. The Firm thereafter counseled her and drafted and signed the attorney-client agreement on April 27, 2015, with Ms. Henderson, and later with her son Seamus Henderson on June 15, 2015 who was a contingent remainderman of the Wesson Trust. All other counsel represented Ms. Henderson and Mr. Henderson through association of counsel agreements with McTigue Law.

- Subsequent to signing Ms. Henderson and Mr. Henderson, McTigue Law engaged co-counsel to work on the Henderson's claims—Bailey & Glasser LLP, the Howard Law Firm and Minami Tamaki, LLP[3] ("Co-counsel").

- Among Ms. Henderson counsel McTigue Law played a key role in researching, drafting, and developing the legal strategy, theories and facts employed in the initial complaint filed on February 27, 2015. McTigue Law also engaged and managed the consultant who reviewed, compiled and eventually reduced to a complex spreadsheet 20 years of paper trust statements in the possession of Ms. Henderson ("the Master File").

- McTigue Law shared the Master File with Co-Counsel which formed the basis for subsequent discovery requests to Defendants.

- After the initial complaint was filed, McTigue Law worked with Co-counsel and with Defendant counsel to develop the protective order and scheduling order and draft ESI protocol.

- McTigue Law thereafter litigated its clients' claims, which included developing the facts and theories to support the claims, the theory of losses, and participated in motion practice with Co-counsel, e.g. Plaintiffs' Opposition to Defendants' Motion to Dismiss, and took the lead in drafting the Plaintiffs' Opposition to Motion for A Protective Order Regarding Rule 30(b)(6) Deposition (ECF #s 283, 284, filed February 20, 2017).

- McTigue Law staff traveled to Boston to attend a deposition of a Defendant and status conferences and hearings and to New York to attend the mediations.

- McTigue Law worked with Co-counsel to develop Plaintiffs discovery requests and responses, including Plaintiffs' request for documents and interrogatories, and responses to Defendants' discovery requests.

---

[3] The Minami Tamaki firm was replaced by the Derek G. Howard Law Firm, Inc., who was formerly counsel with the Minami Tamaki firm.

- McTigue Law attorneys were principal counsel involved in conferring and meeting with, advising and assisting Ms. Henderson in developing responses to Defendants' document requests and interrogatories and preparing and defending Ms. Henderson for her deposition. This included reviewing the thousands of pages of Plaintiffs paper documents and electronic files to respond to Defendants' Requests for Production.  This included the engagement by McTigue Law of a forensic computer consulting firm which first preserved, then reviewed and downloaded data from Ms. Henderson's computers.

- McTigue Law, with Co-counsel, identified, interviewed and engaged an expert and a consultant who assisted Plaintiff Counsel in developing the strategies and methodologies to compute loss estimates and a consultant who assisted Plaintiffs Counsels on draft ESI Protocols. McTigue Law also participated with Co-counsel in developing, reviewing and analyzing reports of other Plaintiffs' experts and reviewing and analyzing reports filed by Defendants experts.

*See* McTigue Decl.

This considerable work is reflected in McTigue Law's lodestar and expenses incurred. The total lodestar for the Firm in the Litigation is $1,454,330, consisting of $1,297,890 for attorney time and $156,440 for support professional staff time.  McT. Decl., Ex. D. McTigue Law has incurred a total of $56,961.28 in unreimbursed expenses in connection with this Litigation from inception to May 15, 2019. *Id.,* Ex. E.

The facts here support the requested award, based on the factors generally considered in this Circuit in awarding attorney fees in class actions, which are commonly referred to as *Goldberger* factors:

> (1) the size of the fund and the number of persons benefitted; (2) the skill, experience, and efficiency of the attorneys involved; (3) the complexity and duration of the litigation; (4) the risks of the litigation; (5) the amount of time devoted to the case by counsel; (6) awards in similar cases; and (7) public policy considerations.

*Harden Mfg. v. Pfizer, Inc (In re Neurontin Mktg. & Sales Practices Litig.),* 58 F. Supp. 3d 167, 170 (D. Mass. 2014), citing *In re Lupron Mktg. & Sales Practices Litig.,* No. MDL 1430, 01-CV-10861-RGS, 2005 U.S. Dist. LEXIS 17456, 2005 WL 2006833, at *3 (D. Mass. Aug. 17, 2005).

McTigue Law incorporates Class Counsel's argument in its motion expected to be filed today, as to how the Goldberger factors apply to the Settlement, when they are relevant to McTigue Law's Motion.

First, as to the size of the fund and number of persons benefited, the common fund which would be created by the Settlement Agreement", if approved, is $10 million dollars, which is considerable. The number of class members is between 7,000 and 15,000 trusts. Defendant Bank of New York Mellon, NA has represented that the class encompasses approximately 15,000 trust accounts, many of which have multiple beneficiaries.  (ECF #423, at 16.)  This is also considerable number. (Of the two claims asserted in this Litigation, investment claims and tax claims, only the tax claims are being settled.) This compares favorably with several other recent, similar settlements.

In *Richtenburg v. Wells Fargo*, California Superior Court, 05-444516 (San Francisco) involved, as the Settlement here does, only settlement of tax claims.[4]  However, the *Richtenburg* settlement which was in 2011, did not involve cash to the settlement class, only fee credits.  This settlement in *Henderson* compares favorably to *Richtenburg* because the settlement here, in *Henderson*, if approved, involves cash to class members. The fees awarded were $855,359 and expenses reimbursed were $124,641. *See Id.*, Order Approving Unopposed Motion for Attorney's Fees, Litigation Expenses and Incentive Fees, ECF#245, at page 4.

Another similar case was the *Stoody Broser v. Bank of America*,  N.D. Calif, 08CV2705 (JSW) case, which settled in 2014.[5]  *Stoody Broser* was also class settlement involving propriety fund allegations.  The settlement of that case involved a general release of claims, for $8 million,

---

[4] Derek Howard, counsel in this case, was also a Class Counsel *Richtenburg*.
[5] Derek Howard, Esq. initiated the *Stoody* litigation and McTigue Law was invited after a motion to dismiss had been filed and appeal filed.  Both firms were eventually appointed as Class counsel.  Several of the same individual defense counsel in Henderson also represented the Defendants in *Stoody Broser.*

considerably less than the potential settlement here, for $10 million.  Notably settlement of *Stoody Broser* involved no cash for the class, only future tax credits.  The only cash was for attorney's fees. The fees awarded and expenses reimbursed together were "no more than $1,900,000."  See *Id,* Order Finally Approving Fees and Expenses, ECF #250, at page 1.  By contrast, this settlement, *Henderson*, involves cash payments to all class members. Also, in contrast to the *Stoody* settlement, the number of the class members was not known to Class Counsel.  It is clearly more favorable to know the number of class members.

Note that the empirical literature also attests that federal courts do, in fact, award larger percentage fees in smaller recoveries and smaller fees in larger recoveries. See generally Eisenberg & Miller, Attorney Fees in Class Action Settlements: An Empirical Study, 1 J. Empirical Leg. St. 27-78 (2004); see also Brian T. Fitzpatrick, An Empirical Study of Class Action Settlements and Their Fee Awards, 7 J. Empirical Legal Stud. 811, 833-34, 837 (2010) (based on an analysis of 700 common fund settlements in 2006 and 2007, finding class action fee awards typically range from 25% to 35%, with smaller recoveries earner larger percentage fees.). It is doubtful that the case could have been litigated for a smaller fee, and even if smaller, the requested fees are within the range of fees commonly awarded.

As to the second *Goldberger* Factor, the skill, experience, and efficiency of the attorneys involved, McTigue Law's resume, (McTigue Decl., Ex. 1) lays out McTigue Law's decades of fiduciary litigation and the experience of its current counsel.

As to the third *Goldberger* Factor, the fee award and expense reimbursement requested in the Motion are justified by the complex nature of the financial claims in this trust litigation, which McTigue Law initiated and vigorously pursued. Further, there would be no Litigation or award to the Class at all without McTigue Law's role, given the firm's integral role as described

supra. Besides the extensive work the McTigue Law undertook, note that McTigue Law initiated the suit and the only client representation agreement with Ashby Henderson, the designated Class Representative, is solely with McTigue Law.

As to the fourth *Goldberger* Factor, McTigue Law has borne tremendous risk in the Litigation as to time expended and unreimbursed expenses. To date, McTigue Law has received no payment for any of its efforts in the Litigation, nor has McTigue Law received reimbursement for any of the out-of-pocket costs it has advanced. All compensation to McTigue Law is contingent upon the Court's award of fees and expenses as provided in the Settlement.

As to the fifth *Goldberger* factor, McTigue Law devoted tremendous effort to this case since it was filed in 2015, as described *supra*. For its efforts, McTigue Law, at maximum, is asking for a fee award of $666,666, though its lodestar is $1,454,300. Analyzed under a lodestar cross-check methodology, the maximum fee requested in this Motion represents less than half of the Firm's current lodestar in the case and a negative multiplier of 0.46.

As to the sixth *Goldberger* factor, see the comparative cases discussed *supra.*

As to the seventh *Goldberger* factor, public policy strongly favors the fee award, because without plaintiff class actions pursing such a claim as this against a major financial institution such as Defendant Bank of New York Mellon, NA, each individual trust and its beneficiaries would have little recourse nor even knowledge of potential fiduciary violations. The Litigation served an important public purpose.

## Conclusion

For the foregoing reasons, Plaintiff counsel McTigue Law, LLP respectfully requests that this Court for an award of attorneys' fees in the amount of twenty percent (20%) of the total award of any fees made by the Court in this Litigation, plus any accrued interest and payment of

Litigation Expenses in the amount of $56,961.28, in connection with the proposed settlement of the Litigation.

Dated:  August 23, 2019

        Respectfully submitted,

        */s/ J. Brian McTigue*
        J. Brian McTigue (admitted *pro hac vice*)
        bmctigue@mctiguelaw.com
        Regina M. Markey (admitted *pro hac vice*)
        rmarkey@mctiguelaw.com
        **McTigue Law LLP**
        4530 Wisconsin Avenue, NW, Suite 300
        Washington D.C. 20016
        Telephone: (202) 364-6900
        Facsimile: (202) 364-9960

        *Attorneys for Plaintiffs Ashby Henderson and Seamus Henderson*

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) on August 23, 2019

                                           */s/ J. Brian McTigue*
                                           J. Brian McTigue

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I certify pursuant to Local Rule 7.1(a)(2) that I conferred with Lead Class Counsel for the Settlement Class regarding relief sought in the foregoing motion. Such counsel confirmed that Class Counsel opposes granting the relief sought in the accompanying motion, except for $29,328.72 in expenses. Defendants agreed in the Settlement Agreement to not oppose directly or indirectly Class Counsel's request for an award of fees up to one third of the settlement fund and expenses then estimated to be $390,000.

*/s/ J. Brian McTigue*
J. Brian McTigue

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) on August 23, 2019

*/s/ J. Brian McTigue*
J. Brian McTigue